UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY DINNIUS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:14CV2010 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant's response to the order to show cause.[1] Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

**Background**

On July 8, 2011, movant pled guilty to knowingly conspiring to possess, and possession of, pseudoephedrine, with intent to manufacture methamphetamine. Movant also pled guilty to creating a substantial risk of harm to human life while intentionally manufacturing methamphetamine. On December 9, 2011, the Court sentenced movant to 130 months' imprisonment. Movant did not appeal.

In the Court's January 13, 2015 Memorandum and Order, the Court noted that movant's conviction became final on December 9, 2011, fourteen (14) days after his December 9, 2011 sentencing. *See* Fed.R.App.P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citing *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purposes of calculating one-year limitations period specified

---
[1]On January 13, 2015, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred.

in § 2255 when the period for filing a notice of appeal expires)). Thus, movant's statute of limitations expired on or about December 23, 2011, and movant was almost three years late in filing his motion to vacate in this Court. Thus, the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

In his response to the Order to Show Cause, movant appears to argue that he is entitled to the defense of equitable tolling.

## Discussion

Movant asserts that "between the dates of December 9, 2011 and December 3, 2013" the U.S. Sentencing Commission "was in the process of approving a 2 point sentencing credit for individuals incarcerated on drug offenses."[2] Movant asserts that on he was "advised by counsel it would be unnecessary to file a petition under § 2255 because it be appropriately filed under § 3582(c)(2) to receive the 2-point sentencing reduction. This was later reconfirmed by counsel (see attached letter)."[3]

The one year enumerated in § 2255(f) may be equitably tolled when a movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v.*

---

[2] The Court believes that movant is referencing the Retroactivity of Amendment 782 to the United States Sentencing Guidelines which allowed for the award of a sentence reduction for certain drug quantity offenses.
[3] Unfortunately, movant was later informed that he was not eligible for a sentence reduction because his sentence was not based on a drug quantity.

*Hvass*, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); *see also Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); *Kreutzer*, 231 F.3d at 463 (holding that counsel's confusion about applicable statute of limitations does not warrant equitable tolling).

In this case, movant has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner. Movant's argument is essentially that he relied on his counsel's representations about a law that had not yet been passed as the "better avenue" to bring his arguments for a sentence reduction before this Court. But as movant himself admits, the 782 Amendment was not passed by the Sentencing Commission until November 1, 2014, almost three years after his statute of limitations under § 2255 had expired. Moreover, the letter he points to written by his attorney, as "evidence" of his assertions of being told that he was "eligible for the 782 Amendment," is actually dated October 24, 2014. Thus, it was written by his counsel long after the one-year statute of limitations on his § 2255 had already run. Furthermore, nowhere in the letter does it state that movant should forgo pursuing a motion to vacate and pursue his rights under a motion to reduce his sentence instead. Regardless, movant's assertions about his counsel's "ineffective assistance" are clearly not sufficient to allow equitable tolling. *See, e.g., Muhammad v. U.S.,* 735 F.3d 812, 815-816 (8th Cir. 2013) (defendant's allegations that his attorney did not respond to phone calls and letters

regarding his motion to attack his federal sentence did not establish the extraordinary circumstances that would warrant equitable tolling). Our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

Having carefully reviewed the record in this case, the Court concludes that movant's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS TIME-BARRED**. Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 27th day of February, 2015.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE